### John N. Bullard *vs.* Alonzo Wait.

The owner of a horse kept at a livery stable agreed at another place to sell it, received the price from the purchaser, and at the same time the seller paid the stabler for the previous keep of the horse, and the purchaser directed him to continue to keep it and feed it on hay, and promised to pay him therefor, and the stabler afterwards removed the horse from the stall in which it had been to another more convenient for feeding it with hay. *Held,* that, in the absence of fraud, these facts showed a delivery of the horse as against a subsequent attaching creditor of the seller.

Action of tort for the conversion of a horse of the plaintiff. At the trial in the superior court, before *Rockwell,* J., the plaintiff proved the following facts:

James Turner and M. D. Field being joint owners of a span of horses, of which this was one, in the livery stable of Field in Springfield, the plaintiff, on a Sunday evening at nine o'clock, at his room in a hotel in Springfield, agreed with Turner that, if he and Field would make a division of the horses, he would buy his horse of Turner, and pay him for it one hundred dollars; Field then coming into the room, Turner and Field made a division, and the plaintiff paid Turner the price agreed on; Turner then paid Field for keeping the horse to that time, and the plaintiff told Field to continue to keep the horse and keep it cheap on hay, and he would pay for it in future. The next morning the defendant, a deputy sheriff, attached the horse at Field's stable, Field being present, as the property of Turner, and no objection was made to his so doing, nor was any notice of any transfer of the property given to him. Neither Turner nor Field went to the stable or near the horse at the time of the division, nor did Turner or the plaintiff at the time of the alleged sale; and neither the plaintiff nor Turner saw the horse on the evening of the sale, or until after the attachment the next morning. After the attachment the plaintiff paid Field for keeping the horse from the time of his purchase to the time of the attachment. Evidence was admitted, against the defendant's objection, that Field, on the morning after the sale, and before the attachment, removed the horse from the stall in which it had been to another more convenient for feeding it with hay as directed.

The defendant asked the court to rule that these facts showed no such delivery of the horse to the plaintiff and possession of the horse by him as would constitute a valid sale to the plaintiff as against an attaching creditor of Turner. But the court refused so to rule; and instructed the jury that these facts were competent for them to consider upon the question of fraud; and that, if they found the sale was not made to defeat, delay or defraud the creditors of Turner, it was valid. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. M. Stearns & G. H. Knapp*, for the defendant, cited *Lanfear* v. *Sumner*, 17 Mass. 110; *Carter* v. *Willard*, 19 Pick. 1; *Rourke* v. *Bullens*, 8 Gray, 549.

Bullard *v.* Wait.

*E. D. Beach*, for the plaintiff.

METCALF, J. The horse, when the plaintiff bought it of Turner, was in Field's livery stable, where it had been previously kept; and the plaintiff, after paying for it, requested Field to keep it for him and feed it on hay, and promised to pay him for keeping and feeding it. Field thereupon removed the horse from the stall which it had before occupied; put it into another which was more convenient for feeding it with hay; and so fed it, according to the plaintiff's request. The plaintiff afterwards paid Field for keeping the horse, up to the time when the defendant attached it. These facts, we think, fully warranted the instruction to the jury, that the sale was valid, as against Turner's creditors, if it was not made to defraud them. Though it was made on the Lord's day, yet as it was made after sunset it was not prohibited by the Rev. Sts. *c.* 50.

The only question argued is, whether there was such a constructive delivery of the horse as rendered the sale valid against third persons. And the decision in *Tuxworth* v. *Moore*, 9 Pick. 347, seems to us to be conclusive in the plaintiff's favor. That case has been repeatedly recognized as correctly adjudged. See *Whipple* v. *Thayer*, 16 Pick. 28; *Carter* v. *Willard*, 19 Pick. 8; *Appleton* v. *Bancroft*, 10 Met. 236.

Evidence was rightly admitted that Field changed the horse's stall, because it tended to prove that he had consented to keep the horse for the plaintiff, according to his request. For any other purpose we suppose that evidence was immaterial. *Elmore* v. *Stone*, 1 Taunt. 460. Blackb. Sales, 32.

*Exceptions overruled.*